IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| ROBERT WESLEY BECKUM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-201 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On December 17, 2014, United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 17, 18.) Plaintiff first moved for $3,160.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. no. 19.) Plaintiff then filed an "Amended Unopposed Motion for EAJA Attorney's Fees," in which he states that he is "agreeable to receive the sum of $2,995.52 in EAJA fees in lieu of the listed sum of $3,160.00 in his affidavit." (Doc. no. 21, p. 2.) Plaintiff states that Defendant has agreed to this amended request for fees and the manner in which the fees are to be paid based on Plaintiff's assignment of EAJA fees to his counsel. (Id. at 3.)

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is

therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District. See Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

The Court therefore **GRANTS** Plaintiff's motion and awards fees in the amount of $2,995.52 (doc. nos. 21-1, 21-2), but the Court will not direct or approve the manner in

which the EAJA award is to be paid. The first motion for attorney's fees is **DENIED** as **MOOT**. (Doc. no. 19.)

SO ORDERED this 27th day of January, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA